Diana K. Carey
Michael M. Feinberg
Karr Tuttle Campbell
1201 Third Avenue, Suite 2900
Seattle, WA 98101
(206) 223-1313
Attorneys for John P. Rader, Trustee

The Honorable Samuel J. Steiner

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>FEDERAL WAY JOINT VENTURE,<br><br>    Debtor.<br>_____<br><br>JOHN P. RADER, Trustee,<br><br>    Plaintiff,<br><br>  v.<br><br>DANIEL A. CASEY, a single person; QUADRANT CAPITAL INVESTMENTS, INC., an Alaska Corporation; and South 320th Way Partnership, a Washington general partnership,<br><br>    Defendants.<br>_____ | Case No. 02-20074<br><br><br><br><br><br>Adversary No.<br><br>COMPLAINT TO SUBORDINATE AND DISALLOW CLAIMS |

Plaintiff John P. Rader, in his capacity as Trustee of the bankruptcy estate of Federal Way Joint Venture ("FWJV" or "Debtor"), alleges as follows:

**COMPLAINT TO SUBORDINATE AND DISALLOW CLAIMS** - 1
#512336 v1 / 32946-003

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 04-01439-SJS    Doc 1    Filed 09/22/04    Ent. 09/22/04 14:42:41    Pg. 1 of 7

## JURISDICTION AND VENUE

1. On August 21, 2002 (the "Petition Date"), an involuntary petition (the "Bankruptcy Case") was filed seeking an order of relief against FWJV adjudicating it to be a debtor under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* An Order for Relief was entered September 19, 2002.

2. This is an action to subordinate claims under 11 U.S.C. § 510 and/or to disallow claims under 11 U.S.C. § 502. The Court has jurisdiction to adjudicate this proceeding under 28 U.S.C. §§ 157(b) and 1334, and G.R. 7 (W.D. Wash.). This is a matter arising in a proceeding under Title 11 of the United States Code and is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue in this court is proper pursuant to 28 U.S.C. § 1409.

## PARTIES

4. Plaintiff John P. Rader is the duly appointed chapter 11 trustee of the Debtor FWJV ("Trustee").

5. Defendant Daniel A. Casey ("Casey") is a resident of the State of Alaska and the majority shareholder and officer of QCI.

6. Defendant Quadrant Capital Investments, Inc. ("QCI") is an Alaska corporation, which is registered to and which does business within the Western District of Washington.

7. Defendant South 320th Way Partnership ("South 320th") is a Washington general partnership.

**COMPLAINT TO SUBORDINATE AND DISALLOW CLAIMS** - **2**
#512336 v1 / 32946-003

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 04-01439-SJS    Doc 1    Filed 09/22/04    Ent. 09/22/04 14:42:41    Pg. 2 of 7

## GENERAL ALLEGATIONS

8. The Debtor FWJV is a Washington general partnership. FWJV has two partners, South 320th and FIR Associates, a Washington general partnership. Pursuant to the FWJV Joint Venture Agreement and the amendments thereto, South 320th was the managing general partner of FWJV. QCI in turn is the managing partner of South 320th. The effect of this arrangement was that Casey, who controls QCI, effectively controlled both South 320th and the FWJV. Indeed, in the claims described, below Casey acknowledged that QCI is his alter ego.

9. Casey, QCI and South 320th are all insiders within the meaning of 11 U.S.C. § 101(31).

10. QCI and/or Casey have filed the following proofs of claim:

| Claim No. | Claimant | Amount | Consideration |
|---|---|---|---|
| 15 | QCI, Inc. aka Casey | $1,059,000 | Funding payoff of venders re hotel |
| 16 | QCI, Inc. aka Casey | $ 432,000 | Management Fees |

11. South 320th has filed the following proof of claim:

| Claim No. | Claimant | Amount | Consideration |
|---|---|---|---|
| 20 | South 320th | $ 400,000 | Advance of operating funds |

12. Casey individually has filed the following proof of claim:

| Claim No. | Claimant | Amount | Consideration |
|---|---|---|---|
| 21 | Daniel A. Casey | $ 16,721 | Advance of funds to vendors |

13. Casey failed to file any response to the involuntary petition and did not cause anyone to appear on behalf of the Debtor. Based on the Debtor's failures to file bankruptcy

**COMPLAINT TO SUBORDINATE AND DISALLOW CLAIMS** - 3
#512336 v1 / 32946-003

*Law Offices*
K ARR  T UTTLE  C AMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

schedules, on October 7, 2004, the Court signed an Order to Show Cause for Failure to File Schedules. Further, Casey, on behalf of the Debtor, failed to respond to Washington State Bank's Motion for Relief from Stay to foreclose on Lot 6.

14. On November 22, 2004, the Trustee sought and obtained an order pursuant to BR 2004 directing Casey to appear for an examination regarding the financial affairs of the Debtor, its affiliates and subsidiaries and authorizing the issuance of subpoena directing Casey to produce certain documents related to these entities. After Casey failed to appear for the examination and produce the requested documents in response to the order and the subpoena, the court on February 14, 2003, issued an order to show cause why Casey should not be held in contempt for failure to abide by court orders. On March 7, 2003, the court issued an Order Holding Daniel A. Casey in Contempt for Failure to Abide by Court Orders. Mr. Casey remains in contempt and has also failed to pay the $1,000 imposed by the court as attorneys' fees.

15. Throughout this case the Trustee has been handicapped by his lack of access to relevant financial information regarding the Debtor and its affiliates and subsidiaries. Based on the information that the Trustee has reviewed, it appears that QCI, South 320th and Casey, in violation of the FWJV Joint Venture Agreement, encumbered FWJV's property without authority and used the proceeds for their own purposes, took and withdrew management fees and other monies to which they were not entitled to under the FWJV Joint Venture Agreement and diverted funds from FWJV and its affiliates to themselves. The trustee believes and therefore alleges that the monies QCI, South 320th and Casey took, withdrew or transferred to themselves exceeded the amount of the claims they assert.

**COMPLAINT TO SUBORDINATE AND DISALLOW CLAIMS** - **4**
#512336 v1 / 32946-003

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

16. The management fees, loan proceeds and other funds that QCI, South 320th and Casey diverted to themselves were made for the purpose of defrauding FWJV, its affiliates, subsidiaries, creditors and equity holders and each of these transfers were made without FWJV receiving reasonably equivalent value.

17. QCI, South 320th and Casey in their capacities as managing members of the various entities had a fiduciary obligation to account to FWJV and its equity holders for any monies received or disbursed by FWJV and its subsidiaries, which they have utterly and completely failed to do.

**18.** QCI, South 320th and Casey used FWJV and its affiliates and subsidiaries as their alter egos to further their own interests to the prejudice of FWJV, its affiliates, subsidiaries, creditors and other equity holders.

19. Casey also wrongfully interfered with the authority of both Trustee Rader and Trustee James Hunter and later Receiver Web Properties in their administration of the FWJV estate and that of its debtor affiliate, Gateway Center Retail L.L.C. Despite having been advised that he was no longer in control of the properties, he contacted tenants, attempted to conduct leasing negotiations and otherwise interfered with the efforts of the Trustees.

**FIRST CLAIM FOR RELIEF**
**Equitable Subordination**

20. QCI, South 320th and Casey breached the fiduciary duties they owed to FWJV, its affiliates, subsidiaries, creditors and equity holders and as a result of their self-dealing and unauthorized acts engaged in inequitable conduct which has resulted in injury to FWJV, its affiliates, subsidiaries, creditors and equity holders.

**COMPLAINT TO SUBORDINATE AND DISALLOW CLAIMS** - 5
#512336 v1 / 32946-003

*Law Offices*
K ARR  T UTTLE  C AMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 04-01439-SJS    Doc 1    Filed 09/22/04    Ent. 09/22/04 14:42:41    Pg. 5 of 7

21. Equitable subordination of the claims of QCI, South 320th and Casey is not inconsistent with the provisions of the Bankruptcy Act and the court should use its equitable powers under 11 U.S.C. § 510(c) to subordinate the claims of QCI, South 320th and Casey to the claims of all creditors of the Debtor, its subsidiaries and affiliates and to the claims of its other equity holders.

**SECOND CLAIM FOR RELIEF**
**Disallowance of Claim**

22. Plaintiff realleges paragraphs 1 through 21.

23. There are no records that support the claims of QCI, South 320th and Casey; without the records (which Casey has refused to produce), there is no way to verify any of the claims.

24. The Claims of QCI, South 320th and Casey are subject to disallowance under 11 U.S.C. § 502(d) based on the failure of QCI, South 320th and Casey to turnover funds, records and other property of the estate as required under 11 U.S.C. § 542, and their receipt of transfers that are avoidable under sections 11 U.S.C. § 544(b) and chapter 19.40 RCW, 11 U.S.C. §§ 547, 548, and 549.

25. The Claims of QCI, South 320th and Casey should be disallowed in their entirety.

**REQUEST FOR RELIEF**

Wherefore the Trustee requests the Court grant the following relief:

1. For an order equitably subordinating Claim Nos. 15 and 16 filed by QCI, Inc. aka Casey; Claim No. 20 filed by South 320th; and Claim No. 21 filed by Daniel A. Casey to

**COMPLAINT TO SUBORDINATE AND DISALLOW CLAIMS** - **6**
#512336 v1 / 32946-003

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 04-01439-SJS    Doc 1    Filed 09/22/04    Ent. 09/22/04 14:42:41    Pg. 6 of 7

the claims of all creditors of the Debtor, its subsidiaries and affiliates and to the claims of its other equity holders.

    2.    For an order disallowing Claim Nos. 15 and 16 filed by QCI, Inc. aka Casey; Claim No. 20 filed by South 320th; and Claim No. 21 filed by Daniel A. Casey.

    3.    For an award of the Trustee's reasonable attorneys' fees.

    4.    For such further and additional relief as the court considers appropriate.

DATED this 22nd day of September, 2004.

/s/ Michael M. Feinberg
_____
Diana K Carey, WSBA #16239
Michael M. Feinberg, WSBA #11811
Of Karr Tuttle Campbell
Attorneys for John P. Rader, Trustee for
  Federal Way Joint Venture

**COMPLAINT TO SUBORDINATE AND DISALLOW CLAIMS** - **7**
#512336 v1 / 32946-003

*Law Offices*
K ARR  T UTTLE  C AMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100